## SUPREME COURT.

HILL AND OTHERS agt. NORTHROP.
GRAHAM agt. NORTHROP.

A judgment upon a written offer of the defendant under § 385 of the Code, although within the terms, is not within the spirit of § 278, and may be entered without the direction of a judge of the court.

That mode of obtaining judgment may be pursued in all cases where the parties choose to resort to it.

A debtor may give a preference to a creditor, although he has agreed with another creditor not to do so, and for that purpose may embrace in a single note, payable immediately, debts due and to become due, and liabilities for him, and allow a judgment to be taken against him for the amount of the new note.

A judgment should not be set aside on motion as fraudulent, except in a clear case, one free from any reasonable doubt

*Wayne Special Term, July,* 1854.   Motion on the part of the plaintiffs in the case first entitled, to set aside the judgment and execution in the case last entitled, as against the plaintiffs in the first case.

E. H. AVERY, *Counsel for the plaintiffs in the 1st case.*
C. MORGAN, *Counsel for the plaintiff in the 2nd case.*

T. R. STRONG, Justice.   A judgment upon a written offer of the defendant under § 385 of the Code is within the language of § 278, which prescribes that a judgment in the cases therein specified " shall, in the first instance, be entered upon the direction of a single judge," but it is manifest that the latter section was not intended to apply to such a judgment. By section 385 it is provided, that upon filing the offer with the papers, " the clerk must thereupon enter judgment accordingly." It is imperative upon the clerk to enter judgment; no direction of a judge is contemplated; and the former section must be held not to extend to that case.   But if it were otherwise, the omission to obtain the direction of a judge would be an irregularity merely, of which the defendant only could take advantage.

There is nothing in § 385 limiting it to cases of disputed or unsettled demands, or indicating an intention that it should be thus restricted in its operation.   I do not perceive in other parts of the Code any clear evidence of such an intention ; nor do I see that any mischief would result from applying it to all cases to which its language is applicable.   I think that mode of obtaining judgment may be pursued in all cases where the parties choose to resort to it.

The principal and only remaining question upon this motion is, whether the judgment in the last case is fraudulent as against the creditors of the defendant.   The defendant had a right to give a preference to the plaintiff in that case, although he may have agreed with another creditor not to do so ; and for that purpose to embrace in a single note, payable immediately, debts due from him to the plaintiff and to become due, and liabilities of the plaintiff for him, and to allow a judgment

to be taken against him for the amount of the new note. It does not appear that the new note, or the judgment sought to be set aside, is for an amount exceeding such indebtedness and liabilities, and whether the judgment is fraudulent or not, must depend upon whether there was an arrangement or understanding between the parties to it that it was to be used to hinder delay or defraud the defendant's creditors. The defendant, in his affidavit upon which the motion is in part founded, swears that there was such an arrangement and understanding, that the note and judgment thereupon were given for the purpose of preventing a forced sale and sacrifice of the defendant's property, and with the previous understanding and agreement that the plaintiff would aid and assist the defendant in preventing such forced sale and sacrifice; that it was the principal object of the defendant, and so, well understood and agreed, to prevent the defendant's creditors from forcing a sale and sacrifice of the defendant's property, and in order thereby to secure the means of effecting more easily a compromise with the creditors of the defendant for the benefit of the defendant.

This affidavit presents a strong case of fraud, and if there was nothing more on the motion, I should not hesitate to set aside the judgment as against the defendant's creditors. But the plaintiff in the last judgment has made two affidavits, in one of which he swears that there was no "attempt" on the part of the plaintiff or defendant, in taking the new note, or perfecting the judgment, to "injure, defraud, or delay" the creditors of the defendant; and in the other of which he swears, that the only object in obtaining the note and judgment was to secure the sum for which the defendant was indebted to him, and that it was so understood and expressed between him and the defendant. And annexed to the first affidavit of the plaintiff is an affidavit of the *defendant*, verifying the truth of the plaintiff's affidavit. It is clear that the plaintiff's affidavits do not meet the first named affidavit of the defendant; they leave unanswered, except in a general and vague manner, the specific allegations in respect to fraud. But the defendant's affidavit last referred to, in conflict with his other affidavit, although he attempts to

explain the same, much impairs his credit, and, in connection with the affidavits of the plaintiff, throws so much doubt upon the case as presented by the first named affidavit of the defendant in regard to the question of fraud, that the court cannot properly, upon this motion, relieve the moving parties against the judgment as fraudulent. In order to warrant such relief on motion, a strong case should be established, one free from any reasonable doubt. The moving parties must be left to their remedy by action.

The motion must be denied, without prejudice to an action for relief, and without costs to either party.